UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━X

NEW CINGULAR WIRELESS PCS, LLC
d/b/a AT&T Mobility,

                Plaintiff,

        -against-

THE VILLAGE OF OYSTER BAY COVE, THE
ZONING BOARD OF APPEALS OF THE
VILLAGE OF OYSTER BAY COVE, AND THE
PLANNING BOARD OF THE VILLAGE OF
OYSTER BAY COVE,

                Defendants.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━X

For Online Publication Only

**ORDER**
22-CV-7807(JMA)(ST)

**FILED**
**CLERK**

3/10/2025 2:08 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff New Cingular Wireless PCS, LLC d/b/a AT&T Mobility ("Plaintiff") sued the

Village of Oyster Bay Cove, its Zoning Board of Appeals, and its Planning Board ("Defendants")

following the denial of Plaintiff's application to construct a wireless services facility on municipal

property.  (See Compl., ECF No. 1.)  On May 23, 2024, Proposed Intervenor David Savetz

("Movant") filed a pre-motion letter requesting to intervene in Plaintiff's suit.  (ECF No. 39.)  On

June 3, 2024, this Court referred Movant's request for a pre-motion conference and any resulting

motion to Magistrate Judge Steven L. Tiscione for a Report and Recommendation ("R&R").  (See

Elec. Order dated June 3, 2024.)

Before this Court is Movant's motion to intervene and Judge Tiscione's R&R, which

recommends that the motion be denied.  (ECF No. 45; ECF No. 51.)  No objections to the R&R

have been filed; the time for doing so has expired.[1]  For the reasons stated below, the R&R is

---

[1] Objections to the R&R were originally due February 28, 2025.  (See ECF No. 51 at 19) ("Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.")  On February 25, 2025, Movant requested an

adopted in its entirety.

## I.    LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

## II.    DISCUSSION

The Court has carefully reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts Judge Tiscione's thorough and well-reasoned R&R in its entirety as the opinion of the Court.

## III.    CONCLUSION

Accordingly, Movant's motion to intervene in this action is DENIED. The Clerk of Court

---

extension of time to file objections to the R&R. (ECF No. 52.) This Court granted Movant an extension until March 7, 2025, to file any objections. (See Elec. Order dated Feb. 26, 2025.) No objections were filed.

is respectfully directed to close ECF Nos. 45 and 51 and update the caption accordingly.


**SO ORDERED.**

Dated: March 10, 2025
Central Islip, New York

_____/s/  JMA_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
